UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Katherine Zahnleuter,<br><br>  Plaintiff,<br><br>  v.<br><br>Gabriel Lenhart; Law Offices of Gabriel Lenhart; Amy Mueller, an individual; and DOES 1 through 10, inclusive,<br><br>  Defendants. | No. 2:20-cv-02492-KJM-KJN<br><br>ORDER |

Defendants Gabriel Lenhart and his law offices, who are the settling defendants, request a determination that their settlement agreement with plaintiff Katherine Zahnleuter is in "good faith." This determination would bar any other joint tortfeasor from asserting claims against them based on their comparative fault. *See* Cal. Civ. Proc. Code § 877.6(c). The non-settling defendant, Amy Mueller, opposes. The court **denies the motion without prejudice to renewal** because it cannot determine on this record that the settlement meets the state-law standard for "good faith."

**I.    FACTUAL BACKGROUND**

As the court previously has reviewed, plaintiff Katherine Zahnleuter is the sister of defendant Amy Mueller. *See* Prev. Order at 2, ECF No. 18. Zahnleuter alleges Mueller conspired with Lenhart and his law offices to fraudulently amend the terms of a family trust.

1

1    *See id.* at 2–3.  According to Zahnleuter, the fraudulent amendment forced her to seek relief in
2    costly state court litigation, which terminated abruptly in her favor in the middle of trial, when
3    evidence of the alleged fraud came to light.  *See id.* at 3–4.  Zahnleuter seeks damages for the
4    attorneys' fees and other expenses she incurred during the state court litigation.  *See id.* at 4.  The
5    case is before this court on diversity jurisdiction.

6          In December 2020, Zahnleuter asserted claims against Mueller, Lenhart and his law
7    offices in this court.  *See generally* Compl., ECF No. 1.  She asserted claims against each
8    defendant, all based on California law: (1) the tort of another doctrine,[1] (2) fraudulent
9    concealment and (3) constructive fraud.  In April 2021, this court dismissed the fraudulent
10   concealment and constructive fraud claims.  *See* Prev. Order at 12.

11         In July 2021, the moving defendants and Zahnleuter reached a settlement agreement
12   covering the claims against the moving defendants.  Emdee Decl. ¶¶ 3, 6, ECF No. 27.[2]  The
13   settling defendants agreed to pay $105,000 to Zahnleuter in exchange for her release of all claims
14   against them in this case.  *Id.* ¶ 4.  As noted, the settling defendants apply for determination of a
15   "good faith" settlement within the meaning of California Code of Civil Procedure section
16   877.6(c).  App. Det. Good Faith Settlement at 4, ECF No. 27.  In support of the application, they
17   offer two declarations signed by attorney Gregory B. Emdee, a senior associate at the firm
18   representing defendants.  *See generally* Emdee Decl.; Suppl. Emdee Decl., ECF No. 31.[3]
19   Defendant Mueller opposes the motion.  Opp'n, ECF No. 30.  The court submitted the matter
20   after full briefing.  Min. Order (Sept. 23, 2021), ECF No. 32; Reply, ECF No. 31.

21   **II.   LEGAL STANDARD**

22         When a district court sits in diversity, as it does here, it "applies state substantive law to
23   the state law claims," including the good-faith settlement provisions of California Code of Civil

---

[1] "This doctrine allows tort actions to recover costs and fees incurred 'instituting or defending an action as a direct result of a tort' of a third party."  Prev. Order at 6 (quoting *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1008 n.4 (9th Cir. 2012))

[2] This declaration begins on page 12 of ECF No. 27 as assigned by the court's CM/ECF system.

[3] This declaration begins on page 11 of ECF No. 31 as assigned by the court's CM/ECF system.

1  Procedure sections 877 and 877.6.  *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*,
2  632 F.3d 1056, 1060 (9th Cir. 2011); *see also Fed. Sav. & Loan Ins. Corp. v. Butler*,
3  904 F.2d 505, 511 & n.6 (9th Cir. 1990).  Under California Code of Civil Procedure sections 877
4  and 877.6, a court may discharge a settling party from future liability in a case "in which it is
5  alleged that two or more parties are joint tortfeasors." Cal. Civ. Proc. Code § 877.6(a)(1). "A
6  determination by the court that the settlement was made in good faith shall bar any other joint
7  tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for
8  equitable comparative contribution, or partial or comparative indemnity, based on comparative
9  negligence or comparative fault." *Id.* § 877.6(c).

10        In making a good-faith determination, the court must assess whether the parties' settlement
11  figure falls within a reasonable range.  *See PacifiCare of Cal. v. Bright Med. Assocs.*, Inc.,
12  198 Cal. App. 4th 1451, 1464 (2011).  The California Supreme Court has established six criteria
13  to guide this analysis when an application for a determination of a good faith settlement is
14  contested.  *See Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal. 3d 488 (1985).
15  Specifically, the court must consider: (1) a rough approximation of plaintiffs' total recovery and
16  the settlor's proportionate liability, (2) the amount paid in settlement, (3) the allocation of
17  settlement proceeds among plaintiffs, (4) recognition that a settlor should pay less in settlement
18  than he would if he were found liable after a trial, (5) the settling party's financial conditions,
19  (6) the insurance policy limits of settling defendants, and (7) whether collusion, fraud, or tortious
20  conduct claimed to injure the non-settling parties' interests.  *Id.* at 499; *City of Grand Terrace v.*
21  *Superior Ct.*, 192 Cal. App. 3d 1251, 1261 (1987) ("[O]nly when the good faith nature of a
22  settlement is disputed, it is incumbent upon the trial court to consider and weigh the Tech-Bilt
23  factors.").

24        Formal discovery is sometimes required to produce the evidence allowing a court to fully
25  assess the *Tech-Bilt* factors, as the court needs some evidentiary basis for evaluating proportionate
26  liability and total approximate recovery.  *Cf. City of Grand Terrace*, 192 Cal. App. 3d at 1263–65,
27  1268 (1987) (noting "[w]ithout the facts, in a contested hearing, it is impossible for a court to
28  exercise its discretion in an appropriate fashion"; concluding "evidence will be

1 intelligently assessed" after formal discovery). Ultimately, though, the party opposing settlement
2 has the burden of proof to show it was not made in good faith. Cal. Civ. Proc. Code § 877.6(d).

### III. ANALYSIS

Ms. Mueller opposes the moving defendants' application, arguing primarily it is unsupported by evidence showing the settlement value aligns with the moving defendants' likely proportionate liability. Opp'n at 4–5. Proportionate liability is one of the most important factors a court must examine when determining whether a settlement has been made in good faith under section 877.6. *Toyota Motor Sales U.S.A. v. Superior Court*, 220 Cal. App. 3d 864, 871 (1990). If there is not "substantial evidence to support a critical assumption as to the nature and extent of a settling defendant's liability, then a determination of good faith based upon such assumption is an abuse of discretion." *Id.*

On the record before it, the court cannot determine the settlement value does properly take account of the settling defendants' proportionate liability; the court therefore cannot conclude the settlement agreement was made in good faith. *See Tech-Bilt*, 38 Cal. 3d at 499*; Long Beach*, 172 Cal. App. 4th at 873. The only estimate of the total value of the plaintiff's claims is found in the plaintiff's initial disclosures, where she claims damages of approximately $400,000. Pls.' Initial Disclosures at 4–5, ECF No. 30-1. Even assuming that initial estimate is accurate, then the $105,000 settlement appears to be roughly 25 percent of the defendants' total collective maximum exposure even though the settling defendants are those with greatest potential culpability. Counsel suggests the discount the settlement represents is reasonable because, in his view, the moving defendants will be found "no more than 50% liable," so "the settlement amount would be over half of any potential award at trial." Suppl. Emdee Decl. ¶ 10. Moving defendants do not explain why the court can simply assume they would be responsible for only half of a jury's award of damages slightly exceeding $200,000, if that is in fact what defendants here are suggesting.

The declaration or testimony from an expert familiar with pertinent valuation criteria may be sufficient to show a settlement falls within a reasonable range; so can a declaration from an experienced settlement negotiator. *See Espinoza v. Moreno*, No. 08-00931, 2008 U.S. Dist.

LEXIS 104215, at *14 (E.D. Cal. Dec. 15, 2008). In some cases in which a party offers medical records or an insurance policy, that may be too little evidence to support a determination of good faith. *See Minnick v. City of Vacaville*, No. 16-00397, 2018 U.S. Dist. LEXIS 65493, at *8 (E.D. Cal. Apr. 17, 2018). In any event, the moving defendants have not cited, and the court is not aware of, any decision accepting two cursory, conclusory attorney declarations such as those the settling defendants offer here. "Whatever method is utilized, in a contested case, the information provided must be sufficient to reasonably place a value on the underlying claim so the court can conduct a *Tech-Bilt* analysis." *Espinoza*, No. 08-00931, 2008 U.S. Dist. LEXIS 104215, at *15. The information defendants provide here is not sufficient.

The settling defendants also argue the settlement amount is reasonable because Lenhart has little ability to pay and will exhaust the limits of his insurance limits once settlement is effected. Reply at 7; Suppl. Emdee Decl. ¶¶ 4, 12. Financial dire straits and information about insurance policy limits may help to show a settlement was reached in good faith, *see Tech-Bilt, Inc.,* 38 Cal. 3d at 499, but this information must be supported by concrete evidence and reasoned analysis. The settling defendants' offer of only generic statements by counsel does not provide the court with what it needs to resolve the pending motion in defendants' favor.

**IV.  CONCLUSION**

Settling defendants' motion is **denied** without prejudice to renewal with supporting evidence.

This order resolves ECF No. 27.

IT IS SO ORDERED.

DATED: October 25, 2021.

CHIEF UNITED STATES DISTRICT JUDGE