UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Katherine Zahnleuter,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Gabriel Lenhart; Law Offices of Gabriel Lenhart; Amy Mueller, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | No. 2:20-cv-02492-KJM-KJN<br><br>ORDER |

　　　　As explained below, the court approves plaintiff Katherine Zahnleuter and defendants Gabriel Lenhart and Law Offices of Gabriel Lenhart's application for determination of good faith settlement. ECF No. 35.

　　　　When a district court sits in diversity, as it does here, it "applies state substantive law to the state law claims," including the good-faith settlement provisions of California Code of Civil Procedure sections 877 and 877.6. *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632F.3d 1056, 1060 (9th Cir. 2011); *see also Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 & n.6 (9th Cir. 1990). Under California Code of Civil Procedure sections 877 and 877.6, a court may discharge a settling party from future liability in a case "in which it is alleged that two or more parties are joint tortfeasors." Cal. Civ. Proc. Code § 877.6(a)(1). "A

determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id.* § 877.6(c). In making a good-faith determination, the court must assess whether the parties' settlement figure falls within a reasonable range. *See PacifiCare of Cal. v. Bright Med. Assocs., Inc.*, 198 Cal. App. 4th 1451, 1464 (2011). The California Supreme Court has established criteria to guide this analysis when an application for a determination of a good faith settlement is contested. *See Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal. 3d 488 (1985). Specifically, the court must consider: (1) a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, (2) the amount paid in settlement, (3) the allocation of settlement proceeds among plaintiffs, (4) recognition that a settlor should pay less in settlement than he would if he were found liable after a trial, (5) the settling party's financial conditions and insurance policy limits and (7) whether collusion, fraud, or tortious conduct is claimed to injure the non-settling parties' interests. *Id.* at 499. Ultimately the party opposing settlement has the burden of proof to show it was not made in good faith. Cal. Civ. Proc. Code § 877.6(d).

However, when no party opposes a good faith settlement application, both California and federal district courts "have found consideration of [the *Tech-Bilt*] factors unnecessary." *Spitzer v. Aljoe*, No. 13-05442, 2015 WL 6828133, at *4 (N.D. Cal. Nov. 6, 2015) (collecting cases); *see also City of Grand Terrace v. Superior Ct.*, 192 Cal. App. 3d 1251, 1261 (1987).

Here, defendant Amy Mueller has withdrawn her opposition to the other parties' application. *See* Opp'n, ECF No. 36; Notice of Withdrawal, ECF No. 47. Thus, the court need not review the *Tech-Bilt* factors. Nevertheless, the court has reviewed the application and accompanying declarations, and, finding the application to be made in good faith, grants the settlement application. The parties are directed to file dispositional documents no later than 14 days from the date of this order.

/////

/////

1       This order resolves ECF No. 35.

2       IT IS SO ORDERED.

3 DATED: March 3, 2023.

4

_____
CHIEF UNITED STATES DISTRICT JUDGE